UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

DARRELL WAYNE ADAMS,

    Petitioner,

v.

J. RAY ORMOND, Warden

    Respondent.

Civil Action No. 6:18-025-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Darrell Wayne Adams is a prisoner confined at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Adams has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] For the reasons set forth below, the Court will deny Adams's petition.

**I.**

In 1995, after a thirty-four day trial, Adams was convicted by a jury in the United States District Court for the Southern District of Texas of various drug trafficking and money laundering offenses and was thereafter sentenced to a term of life imprisonment. *United States v. Adams*, 4:94-cr-121-1 (S.D. Texas 1994). As set forth by Adams in his § 2241 petition, the full history of Adams' criminal conviction and post-conviction requests for relief is quite complicated and has involved several appeals to the United States Court of Appeals for the Fifth Circuit, as well as post-conviction requests for relief in the form of petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). [R. 1 at p. 2-4]. Given the lengthy procedural history of Adams's underlying criminal case, his various

requests for relief from his conviction and sentence will only be discussed to the extent that they are relevant to the claims made in his § 2241 petition filed in this Court.

In his current § 2241 petition, Adams argues that he is entitled to relief because his sentence was increased in violation of his rights under the Fifth and Sixth Amendments. Specifically, Adams invokes *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in support of his argument that the trial court violated his constitutional rights because the trial court, not the jury, determined the material factor of the drug amount for which Adams was determined to be responsible (112 kilograms of cocaine), resulting in a substantial increase under the then-mandatory federal sentencing guidelines. [R. 1 at p. 1-2, 23]. Adams also submits a sworn September 19, 1999 affidavit from a witness for the United States in Adams's criminal trial that he argues supports his claim that the facts that the trial court relied upon in determining the drug amount attributable to Adams constituted "fraud on the court perpetrated in part by the government." [R. 1 at p. 23]. It is not entirely clear, but he also seems to suggest that he is entitled to relief based on the fact that he was sentenced under the mandatory federal sentencing guidelines, prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2006), which held that the federal sentencing guidelines are advisory.

## II.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Adams's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S.

2

89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Adams's claims raised in his § 2241 petition are simply not the kind which may be pursued under § 2241. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Peterman*, 249 F.3d at 461 (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners

3

cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Although Adams was sentenced under the mandatory federal sentencing guidelines pre-*Booker*, he does not satisfy any other criteria that would permit him to raise his claims in a § 2241 petition. He certainly has not been foreclosed from asserting his *Apprendi* and *Booker* claims in a successive petition under § 2255. Indeed, the record suggests that he has raised these claims with the trial court and they were rejected. *United States v. Adams*, 4:94-cr-121-1 (S.D. Texas 1994) at R. 968 (discussing the claims raised by Adams in his § 2255 motions). Section 2255 is the primary vehicle for challenges to the legality of a federal conviction or sentence, *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003), and § 2241 is not designed to provide merely another avenue to shop the same claim to another court in the hopes of obtaining a more favorable result. *Hernandez*,

16 F. App'x at 320. The fact that a prior § 2255 was denied does not render a § 2255 petition "unavailable" for purposes of the savings clause of § 2255. *Copeland*, 36 F. App'x at 795 (6th Cir. 2002).

In addition, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Neither *Apprendi* nor *Booker* fit this criteria. The Sixth Circuit has clearly held that "[a]challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim," brought in a § 2241 petition pursuant to the savings clause of § 2255(e). *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). *See also Padgett v. Grondolsky,* No. 06-cv-024-KKC, 2006 WL 269940, at *3 (E.D. Ky. Feb. 2, 2006). In addition, the rule announced in *Apprendi* is a constitutional rule, not a statutory rule, and it has not been made retroactive on collateral review by the Supreme Court. *In re Clemmons*, 259 F.3d 489, 493 (6th Cir. 2001). Nor does *Booker* apply retroactively to cases on collateral review. *Humphress v. United States,* 398 F.3d 855, 863 (6th Cir. 2005); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir.2005).

Because Adams may not raise his claims in a § 2241 petition, his petition will be denied.

5

Accordingly, **IT IS ORDERED** that:

1. Adams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated June 29, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY